JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DIANA PRICE,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., et al.,

Defendants.

Case No. 2:23-cv-03439-FLA (KSx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**RULING**

On March 29, 2023, Plaintiff Diana Price ("Plaintiff") initiated this action against Defendant Home Depot U.S.A., Inc. ("Defendant"), and DOES 1 through 50 in the Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). The Complaint asserts various state-law claims for age discrimination and harassment, retaliation, wrongful termination, negligent supervision, international infliction of emotional distress, and violations of the California Labor Code. *Id.*

On May 5, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* On July 24, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 10. Only Defendant filed a response ("Resp."). Dkt. 14.

Having reviewed the Notice of Removal and Defendant's response to this court's OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or

where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88-89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

**A. Plaintiff's Settlement Offer and Statement of Damages**

Here, Plaintiff's Complaint does not identify a specific amount of damages. *See generally* Compl. Defendant instead premises its basis for damages on a settlement demand letter it received from Plaintiff's counsel, agreeing to settle her claims for $360,000. Resp. at 2-3.

Evidence of a settlement offer alone is insufficient for the court to find Defendant has met the jurisdictional threshold, as the settlement demand letter offers no evidence as to why Plaintiff's offer to settle for $360,000 is a reasonable valuation of her claims. *See Owens v. Westwood College Inc.*, 2013 WL 4083624, *4 (C.D. Cal. 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Additionally, Defendant points to the parties' prior drafts of their Rule 26(f) Joint Report, in which Plaintiff estimated her damages to be $1,000,000. Resp. at 2-3. While Defendant attaches a prior draft of the 26(f) Report demonstrating as such, the final version of parties' Joint Rule 26(f) Report filed in this court states only that

"Plaintiff seeks economic and non-economic damages to be determined at trial." Dkt. 11 at 5. Even if the court were to consider the prior draft report, a statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, *2 (C.D. Cal. 2014) (internal quotation marks omitted).

The $1,000,000 in damages asserted in the parties' draft Joint Rule 26(f) Report is nothing more than a "bold optimistic prediction" and is not a reasonable estimate of Plaintiff's claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000—let alone $1,000,000—is likely."). Again, neither party offers any explanation as to how Plaintiff determined the $1,000,000 amount. *See Romsa*, 2014 WL 4273265, at *2 (noting plaintiff's statement of damages did not explain how he arrived at his figures); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, *2 (C.D. Cal. 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, *2 (C.D. Cal. 2022) (same).

The court, therefore, declines to consider Plaintiff's demand of $360,000 and damages estimate of $1,000,000 for the purposes of determining the amount in controversy and addresses Defendant's remaining arguments.

**B. Lost Wages**

Defendant separately asserts at least $55,000 in claims for lost wages are in controversy. In support of this claim, Defendant relies on its employee's review of Plaintiff's earning statements to calculate past and future lost wages, but provides no supporting evidence of such statements. The court, therefore, cannot sufficiently

determine whether Defendant has made a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.

By not producing any evidence to support its stated calculations, Defendant fails to demonstrate by a preponderance of the evidence that any amount of lost wages is in controversy. Nonetheless, even if the court were to accept Defendant's unsupported allegations as true, this amount without more is insufficient to meet the jurisdictional threshold of $75,000.

**C. Emotional Distress**

Next, Defendant asserts the court should presume an unspecified amount in emotional distress damages. Resp. at 6-7. To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation . . . how the facts in those cases compare to the facts presented here is . . . insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Although Defendant cites to a number of cases with emotional distress awards, Defendant fails to provide an estimated amount of emotional distress damages, based on the analogous cases it cites, and thus fails to demonstrate how the unspecified

amount of emotional distress damages would increase Plaintiff's speculative lost wages claim beyond $75,000.

**D. Punitive Damages**

Defendant's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, --- F. Supp. 3d. ---, 2022 WL 17484616, at *3 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant fails to carry this burden and accordingly fails to show that any particular amount of punitive damages is in controversy in this case.

**E. Attorney's Fees**

Finally, Defendant argues the court should include attorney's fees in its calculation of the amount in controversy. Resp. at 8-9. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant fails to submit evidence of a reasonable amount of attorney's fees or identify awards in other cases similar enough that the court can conclude it is more likely than not that Plaintiff may incur a similar fee award.

## CONCLUSION

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23LBCV00570. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 20, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge